IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  05-3288 |
| | ) | |
| TWO THOUSAND EIGHT HUNDRED SEVENTEEN ($2,817.00) DOLLARS IN U.S. CURRENCY, | ) ) ) ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

JEANNE E. SCOTT, U.S. District Judge:

This matter comes before the Court on Claimant John Beard's Objection to Order Directing Portion of Returned Property Be Used to Satisfy any Outstanding Judgements (Objection) (d/e 12) and his Motion for Post Judgement Interest and Reimburstment [sic] of Costs (Motion) (d/e 13).  For the reasons set forth below, Claimant's Objection is SUSTAINED, and his Motion is DENIED.

A. OBJECTION

Claimant Beard objects to this Court's Order directing that one-half

1

of Defendant Currency be used to satisfy Claimant's outstanding child support arrearage. See Text Order entered November, 21, 2006. The Court entered the November 21, 2006, Text Order based upon Claimant's consent and agreement. Beard now objects to the Order as entered and requests that one-half of the Currency formerly ordered to be applied toward Claimant's outstanding child support arrearage be released to the Claimant in full. The Government does not object to the amendment requested by Claimant to pay him the full amount of Defendant Currency. Therefore, the Court sustains Claimant Beard's Objection and orders that $1,408.50 formerly ordered to be applied toward Claimant's outstanding child support arrearage be released to the Claimant in full.

B. <u>MOTION</u>

1. <u>CAFRA</u>

In his Motion, Claimant Beard contends that he is entitled to the interest earned by the Government on Defendant Currency ($2,817.00) pursuant to the Civil Asset Forfeiture Reform Act of 2000 (CAFRA), 28 U.S.C. § 2465(b)(1)(C). Section 2465(b)(1) reads in relevant part:

> Except as provided in paragraph (2), in any civil proceeding to forfeit property under any provision of Federal law in which the claimant substantially prevails, the United States shall be liable

2

>for-- . . . .
>(C) in cases involving currency, other negotiable instruments, or the proceeds of an interlocutory sale--
>(i) interest actually paid to the United States from the date of seizure or arrest of the property that resulted from the investment of the property in an interest-bearing account or instrument; . . . .

28 U.S.C. § 2465(b)(1). Section 2465(b)(2)(B), however, provides that: "[t]he provisions of paragraph (1) shall not apply if the claimant is convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law." 28 U.S.C. § 2465(b)(2)(B). Following a jury trial, the Claimant in this case was found guilty of two counts of Possession of a Controlled Substance in violation of 21 U.S.C. § § 841(a)(1) and (b)(1)(B). See Case No. 02-30040. Any currency seized in connection with the two drug offenses is subject to criminal forfeiture pursuant to 21 U.S.C. § 853. The Claimant's request for post-judgment interest is therefore barred by § 2465(b)(2)(B). The Claimant's request for post-judgment interest pursuant to CAFRA is denied.

    2.    EAJA

Claimant also seeks costs pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. Under § § 2412(a)(1) and (d)(1)(A), Claimant

3

seeks to recover total costs of $957.85.[1]  Specifically, pursuant to § 2412(a)(1), Claimant seeks to recover expenses for the following: (1) Filing Fee in the District Court ($150.00); (2) Filing Fee in the Court of Appeals ($455.00); and (3) Copying Costs ($125.00).[2]  Pursuant to § 2412(d)(1)(A), Claimant seeks to recover expenses for the following: (1) Typing Ribbons ($35.85); (2) Correction Ribbons ($15.00); (3) Legal Pads ($12.00); (4) Postage ($65.00); and (5) Phone Calls ($100.00).

As discussed supra, § 2465(b)(2)(B) bars the Claimant from recovering costs.  Claimant cannot attempt to avoid the effect of this provision by seeking costs under the EAJA.  Moreover, even if subsection 2465(b)(2)(B) did not apply here, Claimant's argument for costs pursuant to the EAJA lacks merit.

An award of costs under the EAJA is proper if the following factors are satisfied: (1) the claimant is a prevailing party; (2) the Government's position was not substantially justified; (3) no "special circumstances make

---

[1] Claimant incorrectly notes in his Motion that he is seeking to recover total costs of $857.85.

[2] The Court notes that the $150.00 District Court filing fee Claimant seeks to recover was not incurred in this case.  It appears that the cost was incurred in Beard v. United States, Case No. 04-3119.  No fee was assessed against Claimant Beard in the instant case.  Similarly, the $455.00 Court of Appeals filing fee is not a cost that relates to the instant case.

an award unjust"; and (4) the claimant timely filed a fee application, which is supported by an itemized statement.  28 U.S.C. § 2412(d)(1)(A), (b); Golembiewski v. Barnhart, 382 F.3d 721, 723-24 (7th Cir. 2004); United States v. Hallmark Construction Co., 200 F.3d 1076, 1079 (7th Cir. 2000).

The Claimant is not eligible for an award of costs under the EAJA because the Government's position was substantially justified in seeking forfeiture of Defendant Currency.  "A position is substantially justified if it has a reasonable basis in law and fact."  Conrad v. Barnhart, 434 F.3d 987, 990 (7th Cir. 2006).  In other words, the Government's position must be "'justified in substance or in the main'-- that is, justified to a degree that could satisfy a reasonable person."  Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citing cases).  It is the Government's burden to establish that its position was substantially justified.  In doing so, the Government must show: "(1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the theory propounded."  Conrad, 434 F.3d at 990 (citing Golembiewski, 382 F.3d at 724; Hallmark, 200 F.3d at 1078-79; Sierra Club v. Secretary of Army, 820 F.2d 513, 517 (1st Cir. 1987)).

The Court finds that the Government, in good faith, initiated a

judicial forfeiture action against Defendant Currency. On October 12, 1999, law enforcement officials observed Claimant Beard exit a black Buick Regal. During a consent search of the vehicle, law enforcement officers discovered, among other things, one kilogram of cocaine and approximately 19 grams of crack cocaine inside the vehicle. At that time, Claimant was also found to be in possession of $2,817.00. Based on the search, the Government had probable cause to believe that the seized currency "represent[ed] moneys furnished or intended to be furnished in exchange for a controlled substance or are the proceeds thereof . . . ." Verified Complaint for Forfeiture (d/e 1), ¶ 9. As such, the Government was substantially justified in initiating a civil forfeiture action against the seized currency. Moreover, the Government notes in its response brief that the Government voluntarily moved to dismiss the instant case "for purposes of judicial economy and not due to any agreed error or lack of merit." Government's Response to Claimant's Motion for Post-Judgment Interest and Reimbursement Costs (d/e 23), p. 5. The Government was substantially justified in its action seeking forfeiture of Defendant Currency.

THEREFORE, for the reasons set forth above, Claimant Beard's Objection (d/e 12) is SUSTAINED, and his Motion (d/e 13) is DENIED.

IT IS THEREFORE SO ORDERED. The Court directs the Marshal to turn over Defendant Currency to the Clerk of this Court. The Clerk is then directed to send the entire fund ($2,817.00) to Claimant John Beard at the following address: Federal Bureau of Prisons, 12422-026, P.O. Box 474701, Des Moines, Iowa 50947-0001.

IT IS THEREFORE SO ORDERED.

ENTER: January 19, 2007.

FOR THE COURT:

s/ Jeanne E. Scott<br>JEANNE E. SCOTT<br>UNITED STATES DISTRICT JUDGE